Yurinetsei BOGDAN,* Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74313.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.**

Decided June 21, 2004.

Dario Aguirre, Esq., San Diego, CA, Thomas A. Lappin, Aguirre & Cotman A.P.C., San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Tara Leigh Grove, Mark C. Walters, Esq., Arthur L. Rabin, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

---

* Petitioner's name appears to be reversed in the caption. Because the parties have not objected, we leave the caption intact but refer to Petitioner throughout as Bogdan Yurinetsei.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Petitioner Bogdan Yurinetsei, a native and citizen of the Ukraine, petitions for review of the Immigration Judge's ("IJ") adverse credibility finding and denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] We deny the petition.[2] Because the parties are familiar with the facts, we need not recite them here.

Substantial evidence supports the IJ's finding that Yurinetsei lacked credibility. The IJ delineated inconsistencies in his testimony, and thereby provided specific, cogent reasons that were substantial and bore a legitimate nexus to the IJ's finding.[3] The IJ found that Yurinetsei was inconsistent when he provided details of his political activity. For example, while Yurinetsei was at first quite specific as to his speeches, he was then unable to elaborate on their content or number. Upon further testimony, however, Yurinetsei was able to begin reciting one political speech word-for-word. The IJ further noted that though Yurinetsei stated that he was attacked and severely injured because of his political activity, he neither went to the hospital nor changed his everyday routines. Finally, the IJ found that Yurinetsei's demeanor did not lend support to his claim of past persecution. These facts were not minor[4] and went to the heart of Petitioner's claim.[5] Substantial evidence thus supports the IJ's finding of adverse credibility, and this court is not compelled to find otherwise.[6] Yurinetsei has therefore failed to establish past persecution.

Because Yurinetsei has not demonstrated past persecution, no presumption of a fear of future persecution arises.[7] Neither did Yurinetsei present credible, direct and specific evidence demonstrating a well-founded fear of future persecution.[8] He therefore failed to establish eligibility for asylum. By failing to qualify for asylum, he thus necessarily failed to meet the higher standard of proof required for withholding of removal.[9] Yurinetsei also failed to meet the "more likely than not" burden of proof required to obtain protection under the Convention Against Torture.[10] Accordingly, we deny the petition.

PETITION DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See 8 C.F.R. § 208.16(c).

2. Because the Board of Immigration Appeals affirmed without opinion, we review the IJ's decision as the final agency action. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review credibility findings and the failure to demonstrate eligibility for asylum under the substantial evidence standard. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003); *Ochave v. I.N.S.*, 254 F.3d 859, 861–62 (9th Cir.2001).

3. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

4. See *de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

5. See *Singh v. Ashcroft*, 301 F.3d 1109, 1111–12 (9th Cir.2002).

6. *de Leon–Barrios*, 116 F.3d at 393.

7. See *Korablina v. INS*, 158 F.3d 1038, 1045 (9th Cir.1998).

8. *Molina–Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir.2002).

9. See *Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir.2004).

10. See 8 C.F.R. § 208.16(c)(2).